J-S55031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN A. FELICIANO, | |
| Appellant | No. 3259 EDA 2015 |

Appeal from the Judgment of Sentence October 2, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0003298-2014

BEFORE: LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 29, 2016**

Appellant appeals from the judgment of sentence entered in the Court of Common Pleas of Northampton County following the revocation of his probation. Counsel has filed a petition to withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396 (1967), and ***Commonwealth v. Santiago***, 602 Pa. 159, 978 A.2d 349 (2009). We affirm the judgment of sentence and grant counsel's petition to withdraw.

The relevant facts and procedural history are as follows: On December 29, 2014, Appellant pled guilty to theft of a motor vehicle and possession of a controlled substance.[1] The trial court sentenced Appellant to time served

---

[1] 18 Pa.C.S.A. § 3934(a) and 35 P.S. § 780-113(a)(16), respectively.

*Former Justice specially assigned to the Superior Court.

to two months in prison, to be followed by ten months of probation, for theft of a motor vehicle, and ten months of probation for possession of a controlled substance. The sentences were to run concurrently.

On or about June 29, 2015, while he was on probation with regard to the instant case, Appellant was charged with several offenses in an unrelated matter, which was docketed in the lower court at CP-48-CR-0001983-2015. On August 20, 2015, he entered a guilty plea in the unrelated matter to one count of robbery, 18 Pa.C.S.A. § 3701, and he was sentenced to fifteen months to thirty-six months in prison.

With regard to the instant case, due to his conviction at Docket CP-48-CR-0001983-2015, as well as other technical violations, Appellant, who was represented by counsel, proceeded to a Gagnon II[2] hearing on October 2, 2015. At the hearing, the trial court determined Appellant was in willful violation of his probation, and accordingly, the trial court revoked Appellant's probation. The trial court then imposed a sentence of six months to twelve months in prison for theft of a motor vehicle, and six months to twelve months in prison for possession of a controlled substance. The sentences were imposed concurrently to each other, but consecutively to Appellant's sentence imposed at Docket CP-48-CR-0001983-2015.

---

[2] *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756 (1973).

Appellant filed a timely motion seeking reconsideration of his sentence. Specifically, he baldly asserted the trial court should have directed that his sentence for the instant matter be made concurrent to his sentence at Docket CP-48-CR-0001983-2015. The trial court denied Appellant's post-sentence motion, and this timely appeal followed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and counsel filed a statement indicating his intent to file an **Anders** brief. As indicated *supra*, on appeal, counsel has filed a petition to withdraw, as well as a brief pursuant to **Anders**.

When faced with a purported **Anders** brief, this Court may not review the merits of the issues raised therein without first passing on the request to withdraw. **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa.Super. 2005). Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 602 Pa. at 178-79, 978 A.2d at 361. Counsel must also provide the appellant with a copy of the **Anders** brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue

- 3 -

the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa.Super. 2007).

Instantly, counsel provided a summary of the history of the case, referred to anything in the record that counsel believed arguably supports the appeal, set forth his conclusion that the appeal is frivolous, and stated in detail his reasons for so concluding. Moreover, counsel has provided this Court with a copy of the letter, which counsel sent to Appellant informing him of his right to retain new counsel, proceed *pro se*, or raise any points Appellant deems worthy of this Court's attention.[3] Accordingly, we conclude counsel has substantially complied with the requirements of ***Anders*** and ***Santiago***. We, therefore, turn to the issue of arguable merit counsel presented in his ***Anders*** brief to make an independent judgment as to whether the appeal is, in fact, wholly frivolous. ***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179 (Pa.Super. 2016).

Appellant challenges the discretionary aspects of his sentence. Specifically, he avers the trial court should have directed that his sentence in

---

[3] We note Appellant has filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel.

the instant matter be made concurrent to his sentence at Docket CP-48-CR-0001983-2015.

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136 (Pa.Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006) (citations omitted).

Here, Appellant filed a timely notice of appeal and a timely post-sentence motion in which he preserved his discretionary aspect of sentencing claim. Counsel did not include a separate Pa.R.A.P. 2119(f) statement in his *Anders* brief; however, this Court has held that such a failure does not preclude review of whether Appellant's issue is frivolous. *See Bynum-Hamilton*, *supra*. As to whether Appellant has presented a substantial question, we note the following:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or

- 5 -

(2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010) (citation, quotation marks, and quotation omitted).

With regard to the imposition of consecutive sentences, this Court has held:

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. ***Commonwealth v. Mastromarino***, 2 A.3d 581, 587 (Pa.Super. 2010)[.] Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Commonwealth v. Lamonda***, 52 A.3d 365, 372 (Pa.Super. 2012)[(*en banc*)].
>
> > [An appellant] may raise a substantial question where [s]he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

***Commonwealth v. Swope***, 123 A.3d 333, 338-39 (Pa.Super. 2015) (quotation omitted). As this Court has emphasized, "the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its fact to be, an excessive level in light of the criminal conduct at issue in the case." ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa.Super. 2011) (quotation marks and quotation omitted).

- 6 -

In the case *sub judice*, Appellant does not contend that his aggregate sentence for the instant matter is unduly harsh, given the nature of his crimes and the length of imprisonment. Rather, Appellant baldly suggests the trial court's imposition of his current sentence to run consecutively to the sentence he received at Docket CP-48-CR-0001983-2015 is excessive. We conclude that Appellant has not presented a substantial question permitting our review. **See Commonwealth v. Pass**, 914 A.2d 442, 446 (Pa.Super. 2006) ("The [a]ppellant's claim that the trial court erred in ordering his sentences imposed on August 9, 2005[,] to run consecutively, instead of concurrently, to a previously imposed sentence does not raise a substantial question.").

For all of the foregoing reasons, and after an independent review, we conclude Appellant is not entitled to relief and we grant counsel's petition to withdraw his representation.

Judgment of Sentence Affirmed. Petition to Withdraw as Counsel Granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2016